```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

PAULA ADAMS                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 3:06CV277TSL-JCS

WAL-MART STORES, INC.                                   DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

    This cause is before the court on the motion of defendant Wal-Mart Stores, Inc. for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Paula Adams has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

    Plaintiff filed this action seeking to recover for injuries she received when she slipped on a banana, or piece of a banana, while shopping at a Wal-Mart store in Pearl, Mississippi.  In its motion for summary judgment, Wal-mart correctly points out that in order to hold Wal-Mart liable for her injuries, plaintiff must show either (1) that Wal-Mart's own negligence created a dangerous condition which caused her injury; (2) that although it did not create the condition, Wal-Mart had actual knowledge of a dangerous condition but failed to adequately warn plaintiff of the danger she faced; or, (3) that, "based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e.,

constructive knowledge of the condition should be imputed to defendant." K Mart Corp. v. Hardy ex rel. Hardy, 735 So. 2d 975, 980 (Miss. 1999).

Plaintiff does not contend that Wal-Mart caused the banana to be on the floor, and she has no proof that Wal-Mart had actual knowledge of the presence of the banana on the floor. Thus, to succeed on her claim, plaintiff must demonstrate that Wal-Mart had constructive knowledge of the presence of the banana on the floor. Plaintiff has effectively admitted she has no knowledge as to how the banana came to be on the floor or approximately how long the banana had been there prior to her fall, and she has no witness who has been able to provide an answer to these questions.[1] Wal-Mart insists that in the absence of proof tending to show the length of time the banana had been on the floor, plaintiff cannot prevail because under Mississippi law, the only way to prove constructive knowledge is to prove the dangerous condition had existed for such a length of time that the defendant, had it used reasonable care, should have known of the condition. Numerous Mississippi cases, in fact, recite that "[c]onstructive knowledge exists where a dangerous condition exists for such a length of time that an owner exercising reasonable care should be alerted to

---

[1] Although much of the banana or piece of banana on which plaintiff slipped was "squished" and "smeared" during her fall, plaintiff has presented witnesses who testified that the banana was bruised and darkened, at least in areas, which she believes indicates the banana had not been newly dropped on the floor. However, the fact that the banana may not have appeared fresh proves nothing, for there is nothing to suggest whether or not it was in such condition prior to its being dropped on the floor.

2

its presence." See, e.g., Sullivan v. Skate Zone, Inc., 946 So. 2d 828, 832 (Miss. Ct. App. 2007); Ballard v. Watkins, 938 So. 2d 298, 300 (Miss. Ct. App. 2006); Jacox v. Circus Circus Miss., Inc., 908 So. 2d 181, 185 (Miss. Ct. App. 2005). In fact, this is how constructive notice is nearly always established, or sought to be established. In Jacox, the court wrote that "[t]o get past a summary judgment motion, a plaintiff alleging the constructive knowledge of a premises owner 'must produce admissible evidence of the length of time that the hazard existed and the court will indulge in no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period.'" 908 So. 2d at 185 (citing Waller v. Dixieland Food Stores, Inc., 492 So. 2d 283, 285 (Miss. 1986)).

   Here, plaintiff has presented testimony from a witness, Jacqueline Woodruff, who claimed that she was in the very near vicinity of the location of plaintiff's fall (about ten feet away) for up to five minutes before she saw plaintiff fall; that during that time, she saw no one drop the banana on the floor so that the banana must have been present on the floor at least during the time she was standing there; that she saw "plenty" of Wal-Mart associates going back and forth in that very area prior to her fall (as well as during and after); that the banana would have been within eyesight of these employees; and yet none of these employees bothered to keep a lookout for such hazards. This is the only proof presented by plaintiff that is even arguably sufficient to create a triable issue as to Wal-Mart's negligence,

3

and it is a close question whether it is, in fact, adequate for this purpose.  However, particularly considering that it must construe the facts in the light most favorable to the plaintiff, the court concludes that the better course is to deny summary judgment, and to let Ms. Woodruff's version of events be further explored in the trial setting.

Accordingly, it is ordered that defendant's motion for summary judgment is denied.

SO ORDERED this 19th day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE